81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alba Maria LACAYO de BENEVIDES; Henry Widmark
Benevides-Lacayo; Meylin Mayerlis
Benevides-Lacayo, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70792.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 27, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alba Maria Lacayo de Benevides and her two children appeal the Board of Immigration Appeals' ("BIA") order denying their application for asylum under 8 U.S.C. § 1158(a) and for withholding of deportation under 8 U.S.C. 1253(h).[1] Because the children's claims are derivative of that of their mother,[2] we will refer to Ms. Lacayo de Benevides as "petitioner" and will discuss the BIA's denial of her application. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we affirm.
 
 I. BACKGROUND
 
 4
 According to petitioner, she came to the United States from Nicaragua in April of 1988 because officials of the Sandinista regime made life "impossible" for her by denying her food and her children milk because she did not agree with Sandinista ideals and because her husband went to the United States in order to avoid serving in the army. The Sandinistas also refused to give her a work authorization letter that she needed to get a job after her husband came to the United States. Although they eventually did give her a work authorization letter, she contends it did not help because it stated that she would not be a good worker because she held ideas different from the Sandinistas. Nonetheless, petitioner was able to earn a living by doing odd jobs for her neighbors and was able to buy food on the black market.
 
 
 5
 Petitioner also claims that the Sandinistas drew on the walls of her house and burned tires in her yard to indicate they considered her a "contra." Finally, petitioner was threatened with incarceration because she would not reveal her husband's whereabouts and was subjected to insults when she left her house.
 
 II. ANALYSIS
 A. Asylum
 
 6
 To be eligible for asylum, petitioner must show that she is unable or unwilling to return to her own country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); see also Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988) (past persecution, without more, satisfies the requirement of § 1101(a)(42)(A)). Persecution "encompass[es] more than just restrictions or threats to life and liberty." Desir, 840 F.2d at 726. Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969). Persecution may be inflicted by the government or by persons or organizations the government is unable or unwilling to control. McMullen v. INS, 658 F.2d 1312, 1315 (9th Cir.1981).
 
 
 7
 We review the factual findings underlying the BIA's eligibility determination under a substantial evidence standard, and an alien who seeks judicial reversal of the BIA's eligibility determination must demonstrate that the evidence presented was so compelling that "no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. United States INS, 971 F.2d 188, 191 (9th Cir.1992). Because the BIA affirmed the immigration judge ("IJ") for the reasons set forth in the IJ's opinion, it is the IJ's opinion we review. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 1. Past Persecution
 
 8
 The IJ concluded that petitioner failed to establish past persecution because she failed to establish she was harmed while living in Nicaragua. Specifically, the IJ found that the loss of a food ration card did not amount to "persecution" where petitioner was able to obtain food from other sources. Although we have explained that the "deliberate imposition of substantial economic disadvantage upon an alien" is sufficient to constitute persecution, Kovac, 407 F.2d at 107, the IJ's finding in this case, that the denial of a food ration card does not amount to persecution, is supported by substantial evidence. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1984) (that alien was denied a food card which would have entitled him to discounts on food and a special work permit did not amount to persecution); Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982) (alien seeking asylum must demonstrate "something more than generalized economic disadvantage").
 
 2. Future Persecution
 
 9
 To demonstrate a well-founded fear of future persecution for asylum purposes, petitioner need not demonstrate that it is more likely than not that she will be persecuted should she return to Nicaragua. INS v. Cardoza-Fonseca, 480 U.S. 421, 431 (1987). Rather, she must demonstrate a genuine fear of persecution (a subjective component) and present " 'credible, direct and specific evidence' of facts supporting a reasonable fear of persecution" on the relevant ground (an objective component). Acewicz v. United States INS, 984 F.2d 1056, 1061 (9th Cir.1993) (quoting Rodriguez-Rivera v. United States Dep't of Immigration & Naturalization, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 10
 The IJ's conclusion that petitioner failed to establish a well-founded fear of future persecution is also supported by substantial evidence. As the IJ noted, petitioner was never arrested while the Sandinistas were in power, she was able to leave Nicaragua with a passport, and her mother lives in Nicaragua in petitioner's former house. See Saballo-Cortez, 761 F.2d at 1264 (that alien was granted a passport and exit visa despite his stubborn resistance to participation in Nicaragua's compulsory service cast "great doubt" on alien's claim that he feared persecution). The IJ also noted that although the evidence in the record does lead to the conclusion that the Sandinistas are still a force in Nicaraguan politics, there is no evidence they are responsible for violence against individuals such as petitioner who are not actively involved in politics and who were not members of the armed rebellion against the Nicaraguan government and did not participate in the civil war. Finally, as the IJ noted, because petitioner was not persecuted when the Sandinistas controlled the government, there is no reason to believe she will be harmed now.
 
 B. Withholding of Deportation
 
 11
 To qualify for withholding of deportation, petitioner must demonstrate "a clear probability of persecution." Acewicz, 984 F.2d at 1062. This is a more stringent standard than the "well-founded fear" standard for asylum because it requires a showing that it is "more likely than not" that petitioner will be persecuted after deportation. Id. Because petitioner failed to establish a well-founded fear of persecution, she has also failed to demonstrate a clear probability of persecution. Id.
 
 
 12
 C. Final Adjudication of Petitioner's Administrative Asylum Application
 
 
 13
 Finally, petitioner notes that the administrative record does not contain a notice of denial of petitioner's asylum application. Petitioner contends that because the record does not establish that her application ever received a final adjudication, the Order to Show Cause was improvidently granted. Because this argument is raised for the first time on appeal, we do not consider it. Vargas v. United States Dep't of Immigration & Naturalization, 831 F.2d 906, 907 (9th Cir.1987).
 
 III. CONCLUSION
 
 14
 For the reasons set forth above, the BIA's decision is AFFIRMED and the petition is DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas Zilly, United States District Judge for the District of Western Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to 8 C.F.R. § 208.3(b), the immigration judge considered the asylum request as a request for withholding of deportation under 8 U.S.C. § 1253(h)
 
 
 [2]
 See 8 C.F.R. 208.21